IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JULIE M. SIGWART, ) <br> Individually and as Trustee ) <br> of the Revocable Living Trust ) <br> Dolphin Star Trust Dated ) <br> December 10, 2003, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> U.S. BANK NATIONAL ) <br> ASSOCIATION, also known as ) <br> U.S. Bank N.A., a national ) <br> banking association; and ) <br> MORTGAGE ELECTRONIC ) <br> REGISTRATION SYSTEMS, INC., a ) <br> Delaware corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL 13-00529 LEK-RLP |

**ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING
THE MAGISTRATE JUDGE'S SEPTEMBER 26, 2018 ORDER DENYING
PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

On September 26, 2018, the magistrate judge issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File First Amended Complaint ("9/26/18 Order"). [Dkt. no. 69.] On October 10, 2018, Plaintiff Julie M. Sigwart, individually and as Trustee of the Revocable Living Trust Dolphin Star Trust Dated December 10, 2003 ("Plaintiff"), filed an appeal from the 9/26/18 Order ("Appeal"). [Dkt. no. 72.] Defendants U.S. Bank National Association and Mortgage Electronic Registration Systems, Inc. ("Defendants") filed their memorandum

in opposition on October 30, 2018, and Plaintiff filed her reply on November 13, 2018.  [Dkt. nos. 75, 78.]  The Court has considered the Appeal as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  Plaintiff's Appeal is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this case is familiar to the parties, and the Court will only discuss the portions relevant to the Appeal.  The instant Appeal stems from the Ninth Circuit's recent decision that, *inter alia*, reversed in part this Court's order dismissing all of Plaintiff's claims with prejudice.  See Memorandum, filed 11/8/17 (dkt. no. 42); Order Granting Defs.' Motion to Dismiss Complaint, filed 3/31/14 (dkt. no. 25) ("3/31/14 Order");[1] Order Dismissing Remaining Claims With Prejudice, filed 6/17/14 (dkt. no. 32) ("6/17/14 Order").

Plaintiff's original complaint alleged Defendants had committed unfair or deceptive acts and practices ("UDAP"), in violation of Haw. Rev. Stat. § 480-2, based on four separate

---

[1] The Ninth Circuit's memorandum disposition is also available at 713 F. App'x 535, and the 3/31/14 Order is also available at 2014 WL 1322813.

theories: 1) Defendants scheduled the auction date for her property less than twenty-nine days after it was first advertised, in violation of Haw. Rev. Stat. § 667-7(a)(2) ("the 28-Day Practice");[2] 2) Defendants did not publish notice of a new sale date and time when they postponed the foreclosure sale, in violation of the mortgage agreement and Haw. Rev. Stat. § 667-5(a)(2) ("the Postponement Practice"); 3) Defendants only advertised the sale of the property by quitclaim deed, and not a warranty deed ("the Quitclaim Practice"); and 4) Defendants advertised the sale of the property in the County of Hawai`i, instead of the County of Maui, where the property was located ("the Hawai`i County Publication").  See 3/31/14 Order, 2014 WL 1322813, at *2, *3 n.4.

In ruling on Plaintiff's appeal, the Ninth Circuit considered the Hawai`i Supreme Court's recent decision in Hungate v. Law Office of David B. Rosen, 139 Hawai`i 394, 391 P.3d 1 (2017).  Sigwart, 713 F. App'x at 538.  In Hungate, the Hawai`i Supreme Court held it was unfair and deceptive for a mortgagee to: fail to schedule an auction date for the property at least twenty-nine days after the sale was first advertised, in violation of § 667-7(a)(2); or fail to postpone the foreclosure

---

[2] Haw. Rev. Stat. Chapter 667 was revised in 2012, 2012 Haw. Sess. Laws Act 182, so an earlier, now-outdated version was operative at the time of the foreclosure.  All citations to Chapter 667 in this Order are to the 2008 version.

3

sale without publishing notice of the new date and time in violation of the mortgage agreement and § 667-5(a)(2). Hungate, 139 Hawai`i at 411-12, 391 P.3d at 18-19. Based on Hungate, the Ninth Circuit reversed this Court's ruling as to Plaintiff's UDAP claims with respect to the 28-Day and Postponement Practices, but affirmed this Court's dismissal with prejudice of Plaintiff's remaining UDAP claims. The Ninth Circuit also rejected Plaintiff's argument that, in her original complaint, Plaintiff had properly alleged a claim for wrongful foreclosure, which this Court allegedly failed to rule on. Sigwart, 713 F. App'x at 538-39. In doing so, the Ninth Circuit stated:

> While the Complaint does not specifically mention wrongful foreclosure, [Plaintiff] argues for the first time on appeal she has stated a claim based on her allegation that she was "entitled [to relief] **under any and all applicable tort or recovery theories**." Complaint ¶ 65 (emphasis added). Such "[c]onclusory allegations of law, however, are insufficient to defeat a motion to dismiss." Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted). And the district court did not abuse its discretion here in dismissing the Complaint with prejudice, where [Plaintiff] failed to file a motion for leave to amend her Complaint to add the claim and failed to assert it below. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011).

Id. (some alterations in mem. dispo.).

On July 30, 2018, Plaintiff filed her Motion for Leave to File First Amended Complaint ("Leave Motion") to reallege and clarify her wrongful foreclosure claim, and conform her proposed

4

first amended complaint to the Ninth Circuit's decision as to Plaintiff's UDAP claims based on the 28-Day and Postponement Practices. See Pltf.'s Mem. in Supp. of Leave Motion, filed 6/30/18 (dkt. no. 59-1), at 1. In denying Plaintiff leave to add her foreclosure claim, the magistrate judge found, *inter alia*, that this Court had previously dismissed all of Plaintiff's claims with prejudice, and the Ninth Circuit affirmed this decision; therefore, the law of the case precluded Plaintiff from realleging her wrongful foreclosure claim. [9/26/18 Order at 4.]

In the instant Appeal, Plaintiff asserts the magistrate judge erred in denying her request to reallege, support, or clarify her wrongful foreclosure claim because this claim falls under at least one of the exceptions to the law of the case doctrine. Plaintiff also asserts the magistrate judge failed to address Defendants' alleged violation of the Rules of the Supreme Court of the State of Hawai`i, Rule 6, by their counsel of record, Dentons US LLP ("Dentons").

**STANDARD**

I. **Appeal of a Magistrate Judge's Order**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is

"clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Akey v. Placer Cty., 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an order is "clearly erroneous" if, after review, the court has a "definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001); Fisher v. Tucson Unified Sch. Dist., 652 F.3d 1131, 1136 (9th Cir. 2011); Cochran v. Aguirre, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." Concrete Pipe & Prods. v. Constr. Laborers Pension Tr., 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991); Cochran, 2017 WL 2505230, at *1.

"'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" Hypolite v. Zamora, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981)). Consideration by the reviewing court of new evidence, therefore, is not permitted. United States ex rel. Liotine v. CDW Gov't, Inc., 2013 WL 1611427, at *1 (S.D. Ill. Apr. 15, 2013) ("If the district court allowed new evidence [on review of a magistrate judge's non-dispositive order], it would essentially be conducting an impermissible de novo review of the order."); cf. United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (determining that "a district court has discretion, but is not required, to consider evidence presented for the first time" in a de novo review of a magistrate judge's dispositive recommendation).

McAllister v. Adecco USA Inc., Civ. No. 16-00447 JMS-KJM, 2017 WL 2818198, at *2 (D. Hawai`i June 29, 2017) (alterations in McAllister).

However, when a magistrate judge denies leave to amend to add a new claim or new party, this is considered a dispositive order. See, e.g., JJCO, Inc. v. Isuzu Motors America, Inc., Civ. No. 08-00419 SOM/LEK, 2009 WL 3818247, at *2-3 (D. Hawai`i Nov. 12, 2009) (citations omitted). In such cases, the ruling of the magistrate judge is reviewed under the de novo standard. Id.

None of the parties assert that the 9/26/18 Order is a dispositive order; however, under either standard this Court affirms the magistrate judge's ruling on other grounds.

**DISCUSSION**

I. **The Law of the Case Doctrine**

The Ninth Circuit has stated

> "The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990). Under the doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case. See id. For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982). Application of the doctrine is discretionary. See United States v. Mills, 810 F.2d 907, 909 (9th Cir. 1987). A trial judge's decision to apply the doctrine is thus reviewed

7

>for an abuse of discretion. See Milgard
>Tempering, 902 F.2d at 715.

U.S. v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (alteration in Lummi Indian Tribe). District courts are otherwise free to decide issues not resolved on a prior appeal. Casumpang v. Int'l Longshore, & Warehouse Union, Local 142, 297 F. Supp. 2d 1238, 1249 (D. Hawai`i 2003) (citing Liberty Mut. Ins., 691 F.2d at 441).

Based on the factual allegations in Plaintiff's original complaint, the Ninth Circuit found Plaintiff had not specifically alleged a wrongful foreclosure claim. Sigwart, 713 F. App'x at 538-39. The Ninth Circuit also disagreed that Plaintiff's catch-all allegation that she was "entitled [to relief] **under any and all applicable tort or recovery theories**" was sufficient to assert a wrongful foreclosure claim that would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Id. at 539 (alteration and emphasis in mem. dispo.) (noting "[c]onclusory allegations of law . . . are insufficient to defeat a motion to dismiss" (citing Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001))). Finally, the Ninth Circuit held that, "the district court did not abuse its discretion here in dismissing the Complaint with prejudice, where [Plaintiff] failed to file a motion for leave to amend her Complaint to add the claim and failed to assert it below." Id. at 538 (citing

Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011)).

This Court does not infer from the language of the memorandum disposition that Plaintiff's wrongful foreclosure claim was ruled on, either specifically or by necessary implication, by the Ninth Circuit. Instead, the Ninth Circuit's ruling addressed Plaintiff's point on appeal that this Court "erred when it dismissed with prejudice [Plaintiff's] Complaint without considering her claim for wrongful foreclosure." Id. While the Ninth Circuit held this Court had properly dismissed Plaintiff's original complaint with prejudice, id. at 539, the Ninth Circuit was silent as to whether Plaintiff should be allowed to add her claim for wrongful foreclosure. See, e.g., Liberty Mut. Ins., 691 F.2d at 441 (stating the Ninth Circuit's silence as to an issue leaves the matter "open for consideration by the district court on remand" (citing Perkins v. Standard Oil of California, 399 U.S. 222, 223, 90 S. Ct. 1989, 1990, 26 L. Ed. 2d 534, 536 (1970) (per curiam))).

Thus, this Court concludes the magistrate judge erred in determining the law of the case doctrine applies. Nevertheless, for the reasons below, this Court concludes that denial of leave to amend is proper because Plaintiff has unduly delayed adding her wrongful foreclosure claim. See Foman v. Davis, 371 U.S. 178, 182 (1962).

9

## II. Denial of Leave to Amend

At the outset, the Court notes that the new deadline for the parties to file any amended pleadings was August 3, 2018. See Amended Rule 16 Scheduling Order, filed 12/21/17 (dkt. no. 48), at 2. Plaintiff filed the underlying Leave Motion on July 30, 2018; therefore, this Court examines her request for leave to amend to add her wrongful foreclosure claim under Fed. R. Civ. P. 15. See AmerisourceBergen Corp., Dialysis West, Inc., 465 F.3d 946, 951-52 (9th Cir. 2006) (concluding that Rule 15, not Fed. R. Civ. P. 16 applied where plaintiff filed its motion for leave to amend within the deadline set by the district court).

With regard to amendments, Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This Court has previously stated:

> If the facts and circumstances a plaintiff relies upon may be the basis of relief, the plaintiff should be afforded an opportunity to test his claims on the merits. Foman [v. Davis], 371 U.S. [178,] 182 [(1962)]. In determining whether to grant leave to amend, courts consider factors such as: futility of the amendment; bad faith by the plaintiff; whether there was undue delay in seeking the amendment; whether it will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments. Id.; see also In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013) (the court weighs five factors in determining whether justice requires that leave to amend be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility

10

of amendment; and (5) whether plaintiff has
previously amended his complaint").

Chun v. Simpson, CIVIL 15-00102 LEK-RLP, 2015 WL 8492025, at *3 (D. Hawai`i Dec. 9, 2015) (alterations in Chun) (some citations omitted). With regard to undue delay, the Ninth Circuit has stated:

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson [v. Bank of Hawaii], 902 F.2d[, 1385,] 1388 [(9th Cir. 1990)]; see also Sierra Club v. Union Oil Co. of California, 813 F.2d 1480, 1492–93 (9th Cir. 1987), vacated on other grounds by Union Oil Co. of California v. Sierra Club, 485 U.S. 931, 108 S. Ct. 1102, 99 L. Ed. 2d 264 (1988). We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (citing Jackson, 902 F.2d at 1388).

AmerisourceBergen, 465 F.3d at 953.

Plaintiff has argued - both to the Ninth Circuit and in the instant Appeal - that her original complaint contained factual allegations of a common law wrongful foreclosure claim.[3] See, e.g., Mem. in Supp. of Appeal at 4-5. Thus, Plaintiff

---

[3] Plaintiff argues she had alleged a claim for wrongful foreclosure in her original complaint; but neither this Court nor the Ninth Circuit were able to decipher such a claim. See Sigwart, 713 F. App'x at 539.

11

appears to have been fully aware of her wrongful foreclosure claim at the time she filed her original complaint. Further, unlike Plaintiff's 28-Day and Postponement Practices UDAP claims, which were only recognized by the Hawai`i Supreme Court in 2017, this district court unequivocally permitted a right of action based on wrongful foreclosure in 2013. See, e.g., Matsumura v. Bank of America, N.A., CIV. No. 11-00608 JMS-BMK, 2012 WL 463933, at *3 (D. Hawai`i Feb. 10, 2012) (citing Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1043 (9th Cir. 2011)).

To the extent Plaintiff believed her claim had been alleged, Plaintiff was put on notice in the 3/31/14 Order that this Court only recognized Plaintiff's UDAP claim based on four separate theories of liability. See 2014 WL 1322813, at *12. At this point, Plaintiff could have filed a separate motion for leave to amend to add her wrongful foreclosure claim. Plaintiff also appears to argue that, because this Court dismissed all of Plaintiff's claims with prejudice, including her 28-Day and Postponement Practices "common law claims," and warned Plaintiff not to add any new claims or new parties, Plaintiff could not assert a wrongful foreclosure claim since it would be a "new claim." [Mem. in Supp. of Appeal at 5.] This is incorrect. In the 3/31/14 Order, this Court stated:

> To the extent that Plaintiff's claim has been dismissed without prejudice, this Court GRANTS Plaintiff leave to file a First Amended Complaint

> consistent with the terms of this Order.
> Plaintiff must file her First Amended Complaint by
> no later than April 30, 2014. This Court CAUTIONS
> Plaintiff that, if she fails to file her First
> Amended Complaint by April 30, 2014, the portions
> of the claim which this Order dismissed without
> prejudice may be dismissed with prejudice.
> Further, if Plaintiff's First Amended Complaint
> fails to cure the defects identified in this Order
> or adds new parties, claims, or theories of
> liability, this Court may dismiss those claims
> with prejudice.

2014 WL 1322813, at *12 (emphasis in original). Although this Court did not grant Plaintiff leave to freely amend her complaint in any fashion she chose, it did not preclude Plaintiff from timely seeking leave to add her wrongful foreclosure claim. See, e.g., Fed. R. Civ. P. 15(c) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."); Fed. R. Civ. P. 16(b) (the court may modify scheduling deadlines to permit a party to file amended pleadings if good cause is shown); see also Sigwart, 713 F. App'x at 539 (noting Plaintiff did not file a motion for leave to amend her complaint to add a wrongful foreclosure claim). Finally, Plaintiff failed to file any amended complaint to save her case from dismissal with prejudice. See 6/17/14 Order at 2. Since Plaintiff was aware of her wrongful foreclosure claim at the time she filed her original complaint on October 11, 2013, but failed to amend or seek leave to amend to add the cause of action prior

13

to her case being dismissed on June 17, 2014, this Court concludes Plaintiff has unduly delayed adding her wrongful foreclosure claim.  See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir. 1991) (eight month delay from the time party knew of facts that would give rise to amend a pleading constituted delay) (citing Jackson, 902 F.2d at 1388); Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990) ("Undue delay is a valid reason for denying leave to amend."). This Court therefore affirms the magistrate judge's denial of Plaintiff's request for leave to add a wrongful foreclosure claim, although on the alternate ground of undue delay.

**III. Rule 6**

Plaintiff also contends the magistrate judge erred when he failed to address her argument as to Dentons's alleged violation of Rule 6 of the Rules of the Supreme Court of the State of Hawai`i ("the Rule 6 issue").  [Appeal at 2.]  However, Plaintiff makes no further argument in her memorandum in support of the Appeal with regard to Dentons or Rule 6, and does not identify how the magistrate judge committed clear error in declining to address this point.  Accordingly, this Court DENIES Plaintiff's Appeal as to her dispute regarding the Rule 6 issue where it is not supported by any argument or law.

14

**CONCLUSION**

On the basis of the foregoing, "Plaintiffs' [sic] Appeal of the Magistrate Judge's September 26, 2018 Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File First Amended Complaint [ECF 69]," filed October 10, 2018, is HEREBY DENIED, and the magistrate judge's 9/26/18 Order is AFFIRMED on other grounds.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 28, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JULIE M. SIGWART, ETC. VS. U.S. BANK NATIONAL ASSOCIATION, ET AL; CIVIL 13-00529 LEK-RLP; ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING THE MAGISTRATE JUDGE'S SEPTEMBER 26, 2018 ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**